# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE-DALTON CORP., | ) | CASE NO. 1:06CV1768 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| AMARR COMPANY, | ) | ORDER |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff Wayne-Dalton Corp. filed a Motion to Quash Subpoena and Memorandum in Support (Doc. 72) on April 2, 2007; Defendant Amarr Company filed its Memorandum in Opposition to Motion to Quash Subpoena (Doc. 80) on April 19, 2007. For the reasons stated herein, the Motion to Quash hereby is **GRANTED**.

Amarr served a subpoena on Wayne-Dalton's counsel herein, the law firm of Renner, Kenner, Greive, Bobak, Taylor & Weber ("Renner Kenner"), on March 23, 2007, ten calendar days before the close of fact discovery in this matter. Amarr's reason for seeking discovery from Wayne-Dalton's counsel rather than from Wayne-Dalton itself, as Amarr's counsel explained it in the Telephonic Status Conference held by this Court on May 11, 2007, was that there was not enough time to serve discovery on Wayne-Dalton and obtain a response within the discovery period, so Amarr elected instead to subpoena the same information from Wayne-Dalton's lawyers.

Plainly, this is improper. The rules relating to obtaining discovery from non-parties are not intended to provide parties with an informal avenue for obtaining discovery from other parties' counsel outside a discovery period that was prescribed by the Court and was not objected to by any party. A party that finds itself running out of time to complete discovery with its opponent may always request an extension of the discovery period from the Court. That request may or may not be granted, depending on its merits, but such an approach has at least the advantage of being recognized within the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 6(b).

Unfortunately, the motion to quash filed in this matter is procedurally flawed, as well.

It is unclear by what entity the motion to quash was intended to be filed. By its text, the motion purports to be filed on behalf of non-party Renner Kenner, but the motion was signed and electronically filed by a Renner Kenner lawyer acting on behalf of plaintiff Wayne-Dalton. Further, it is not clear that Wayne-Dalton would have standing to move to quash a subpoena directed to Renner Kenner. *See* Fed. R. Civ. P. 45(c); *see also* 9-45 James Wm. Moore et al., Moore's Federal Practice – Civil § 45.50[3] (2007).

Accepting for the sake of argument that the motion was filed on behalf of Renner Kenner – as its text indicates it was intended to be – the motion should be and hereby is granted.

Amarr's admitted bases for seeking the requested discovery from Renner Kenner rather than Wayne-Dalton are improper and should not succeed by virtue of a procedural irregularity in the otherwise proper objection to that request. Even if this Court were to reject the motion to quash on the basis of Renner Kenner's procedural

error, it would only be to permit the withdrawal of the instant motion and Renner Kenner's refiling in proper form, so that this Court then could grant it. Under these circumstances, it makes little sense to go through those machinations to reach precisely the same result.

For the foregoing reasons, the motion to quash is **GRANTED**. It is ordered that the discovery requested of Renner Kenner not be had.

**IT IS SO ORDERED.**


Dated: July 10, 2007              *s/ Sara Lioi*
                                  **HONORABLE SARA LIOI**
                                  **UNITED STATES DISTRICT JUDGE**