IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WAYNE-DALTON CORP., | ) | Case No. 5:06-CV-1768-DCN |
| | ) | |
| Plaintiff, | ) | Judge Sara Lioi |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| AMARR COMPANY, | ) | |
| | ) | |
| Defendant. | | |

### AMARR'S RESPONSE TO WAYNE-DALTON'S MOTION AND BRIEF TO TAKE PRESERVATION DEPOSITIONS OF POTENTIAL WITNESSES IN ANOTHER PROCEEDING

Defendant Amarr Company (herein "Amarr"), through counsel, hereby submits the following response to Wayne-Dalton's Motion and Brief to take preservation depositions of potential witnesses in another proceeding that has already settled.[1]

**I.  Wayne-Dalton's Motion is Procedurally Premature**

As an initial matter, Wayne-Dalton's motion should be denied because it is procedurally premature. Authorities construing Rule 27(b) make it clear that the rule can only be used to preserve testimony pending appeal, after a final judgment has been entered. *See*, *e.g.*, *Grecon Dimter, Inc. v. Horner Flooring Co.*, No. 3:02CV101-W, 2007 WL 1395569, at *2 (W.D.N.C. May 10, 2007) ("There has been no final judgment in this action, and thus 'Rule 27(b) by its terms is not applicable.'") (quoting *Shore v. Acands, Inc.*, 644 F.2d 386, 389 (5th Cir. 1981)); *See also*, 6 Moore's Federal Practice § 27.30[2] at 27-34 (3d ed. 2007) ("Rule 27(b) is intended for use *after* entry of judgment. Rule 27(b) is not available in a pending suit simply because an

---
[1] The New York litigation involving Ms. Liberman settled through mediation conducted on July 21, 2008.

interlocutory ruling is on appeal.  Rule 27(b) cannot be used unless there is an appeal from a judgment or a right to do so.")  (italics in original).

Here Wayne-Dalton suggests that Rule 27(b) applies because the Court has entered partial summary judgment on its claim for false advertising damages.  However, the partial summary judgment order does not equate to a "final judgment" as it has not been certified for appeal under FRCP 54(b), and other claims remain pending.  *See Prudential Sec., Inc. v. Yingling*, 226 F.3d 668, 671 (6th Cir. 2000) ("By virtue of the final judgment rule, an immediate appeal from such an injunction would be considered interlocutory in nature when other claims remain pending.  Thus, absent an interlocutory appeal or Rule 54(b) certificate, the permanent injunction issued by the district court remained part of the case pending before the court until it issued its final judgment disposing of all claims.").  Accordingly, Wayne-Dalton's motion should be denied as procedurally premature.

**II.    Even if the Motion was not Procedurally Premature, Wayne-Dalton has not met its Burden Under Rule 27(b)**

The party making a motion to preserve testimony under Rule 27(b) must show that there is real a danger that the testimony will be lost by delay.  *See Arizona v. California,* 292 U.S. 341, 347-48 (1934).   The rule "applies only in that ***special category*** of cases where it is necessary to prevent testimony from being lost." *Windsor v. A Federal Executive Agency*, 614 F. Supp. 1255, 1264-65 (M.D. Tenn. 1984) (emphasis added) (<u>quoting</u> *Petition of Ferkauf,* 3 F.R.D. 89, 91, (D.C.N.Y.1943).

Indeed, even the authority cited by Wayne-Dalton makes it clear that a movant carries a significant burden under Rule 27.  For example, on page three of its brief Wayne-Dalton cites *Tennison v. Henry*, 203 F.R.D. 435, 440-41 (N.D. Cal. 2001).   The *Tennison* Court

-3-

acknowledged that courts have granted Rule 27(a)[2] motions where the movant: "presents evidence that there is a ***significant risk'*** that evidence will be lost if not perpetuated." *Id.* at 440 (emphasis added) (quoting *Calderon v. United States Dist. Ct. for N. Dist. of Cal.*, 144 F.3d 618, 621-22 (9th Cir. 1998)).[3] Similarly, while Wayne-Dalton cites to pages 440-441 of the *Tennison* opinion, Wayne-Dalton omitted the important language that bridges those 2 pages - - "Although the passage of time may under some circumstances be sufficient to establish the need to perpetuate testimony, courts are most likely to permit discovery under Rule 27(a) where ***some special consideration*** makes the need to perpetuate testimony ***particularly urgent***." *Tennison*, 203 F.R.D. at 440-41 (emphasis added).

Despite the authority cited in its own brief, Wayne-Dalton has merely alleged, without affidavit or other evidentiary support, that testimony from Ms. Liberman or employees of Christie's Overhead Door may somehow be lost or unavailable if Wayne-Dalton is not allowed to depose those witnesses now. There is no evidence or suggestion otherwise that the potential witnesses are gravely ill, or that they may move outside of the jurisdictional reach of this Court between now and a ruling on any potential appeal by Wayne-Dalton. As concluded by many courts, such vague and unsupported allegations are insufficient under Rule 27(b). *See, e.g., Murr v. Stinson*, 582 F. Supp. 230, 231 (E.D. Tenn. 1984) (denying motion after stating, "Plaintiff has not shown, by affidavit or otherwise, that evidence is likely to be lost while the appeal is pending."); *May v. Pro-Guard, Inc.*, 810 F.2d 202, 1986 WL 16276 *1 (6th Cir. 1986) (citing *Ash v. Cort,* 512 F.2d 909, 912 (3rd Cir. 1975) ("Mere allegations that witnesses might die or memories might fade are not sufficient to justify the granting of the motion."); *accord,*

---

[2] "The same policy considerations that inform the court's judgment under Rule 27(a) also govern the court's discretion under Rule 27(b)." *19th Street Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 348 (E.D. Pa. 2000).

[3] Wayne-Dalton omitted use of the word "significant."

*Lombard's, Inc. v. Prince Manufacturing, Inc.*, 753 F.2d 974, 976 (11th Cir.1985), *cert. denied*, --- U.S. ----, 106 S.Ct. 851 (1986).

As a final matter on this point, Wayne-Dalton's need to preserve testimony where there has been no showing of health issues with the named and unnamed witnesses should, in all fairness, be balanced against the expense and burden to Amarr, the potential witnesses, and potentially to the judiciary. Wayne-Dalton has presented no convincing rationale for why those parties should be put through the time and expense associated with participating in the requested depositions prior to or even after any potential (yet unlikely) reversal of the Court's summary judgment order. For these additional reasons, Wayne-Dalton's motion should be denied.

### III. The Testimony Wayne-Dalton Seeks to Preserve Would not Allow it to Prevail on its False Advertising Claim

In order for Wayne-Dalton to prevail on its false advertising claim, Wayne-Dalton:

> "must show that (1) the defendant has made false or misleading statements of fact concerning his own product or another's; (2) the statement actually deceives or tends to deceive a substantial portion of the intended audience; (3) the statement is material in that it will likely influence the deceived consumer's purchasing decisions; (4) the advertisements were introduced into interstate commerce; and (5) there is some causal link between the challenged statements and harm to the plaintiff."

(*See* Docket 119, Court's Order of October 16, 2007, at p. 3) (citing *American Council of Certified Podiatric Physicians and Surgeons v. American Board of Podiatric Surgery, Inc.*, 185 F.3d 606, 613 (6th Cir. 1999)). Although the plaintiff need not always present consumer surveys or testimony demonstrating actual deception, the plaintiff must present evidence of some sort demonstrating that a "***significant portion***" of the consumer population is likely to be deceived. Id. at 615-616 (emphasis added) (further noting that this burden is usually met by plaintiffs though the presentation of "evidence of the public's reaction through consumer surveys.").

-4-

Despite this standard, Wayne-Dalton has admitted that it knows of no consumers/customers who have been deceived or confused by Amarr's advertisements, has not presented testimony *from a single consumer/customer* stating that she or he was confused by Amarr's advertisements, or that her or his purchasing decision was influenced by Amarr's use of "pinch resistance" in its advertisements, and has presented no evidence of the above through a consumer survey. Given the lack of evidence presented by Wayne-Dalton, the Court has already correctly concluded that even if Ms. Lieberman's claims were proven in the New York case, "it does nothing to advance Wayne-Dalton's claims in this case." (*See* Docket 168, at p. 6 fn 3).[4] Indeed, Wayne-Dalton would still be far short of proving that a "significant portion" of the consumer population was likely to be deceived, particularly in view of Amarr having sold in excess of 1 million other doors since 1999 without receiving similar claims from consumers. For this additional reason, Wayne-Dalton's motion should be denied.

### IV. Wayne-Dalton's Delay Belies its Claim of Purported Urgency

On February 8, 2008, while Wayne-Dalton's motion for reconsideration of the partial summary judgment order was still being briefed, Amarr voluntarily informed Wayne-Dalton and the Court of the New York litigation immediately after Amarr received notice of same. (*See* Docket 162). Instead of seeking to take depositions at that time, Wayne-Dalton waited for the Court to rule on its motion for reconsideration, and then after that motion was denied, waited more than 2 additional months before filing this motion. Wayne-Dalton's more than five month delay to request the Rule 27(b) depositions belies Wayne-Dalton's vague and unsupported claim

---

[4] Amarr notes that in the New York case Ms. Lieberman asserted claims that the door was negligently installed, which if true, would likewise do nothing to advance Wayne-Dalton's claims. Further, Wayne-Dalton continues to misconstrue "pinch resistant" as equating to "pinch proof."

that the testimony may somehow be lost if it is not quickly preserved. For this additional reason, Wayne-Dalton's motion should be denied.[5]

## V. Conclusion

Strong adjectives and a suggestion of impropriety do not overcome procedural impropriety, lack of foundation, lack of relevance, and delinquency. Each of the four reasons for denying Wayne-Dalton the relief it requests can stand alone – together they are compelling. Amarr respectfully requests that Wayne-Dalton's motion be denied in-full.

Respectfully submitted, this the 25th day of July, 2008.

/s/ John F. Morrow, Jr.
John F. Morrow, Jr.
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 721-3600
jmorrow@wcsr.com

Kirk W. Watkins
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One Atlantic Center
Suite 3500
1201 West Peachtree Street, N.E.
Atlanta, Georgia 30309
404 888-7414
kwatkins@wcsr.com

Raymond Rundelli
Calfee, Halter & Griswold LLP
1400 McDonald Investment Center
800 Superior Avenue
Cleveland, Ohio 44114-2688
Telephone: 216-622-8823
Fax: 216-241-0816
rrundelli@calfee.com

---

[5] Wayne-Dalton's recent motions are subject to being interpreted as improper attempts to supplement the record with evidence and arguments not previously submitted in connection with its summary judgment and injunctive relief briefing.

-6-

**CERTIFICATE OF SERVICE**

A copy of the foregoing **Response to Wayne-Dalton's Motion to Take Depositions Pursuant to Rule 27(b)** was filed electronically this 25th day of July, 2008.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

*Via Electronic Service:*

Ray L. Weber (rlweber@rennerkenner.com)
Laura J. Gentilcore (ljgentilcore@rennerkenner.com)
Renner, Kenner, Greive, Bobak, Taylor & Weber
400 First National Tower
Akron, Ohio  44308

/s/ John F. Morrow, Jr.
John F. Morrow, Jr.
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, North Carolina  27101
Telephone:  (336) 721-3600
jmorrow@wcsr.com